1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  GILLIAM AMOS on behalf of JOY LEE            Case No.  1:21-cv-00637-ADA-CDB (SS)
    LECOMPTE ,
12                                               FINDINGS AND RECOMMENDATION TO
                 Plaintiff,                      GRANT UNOPPOSED REQUEST FOR
13                                               ATTORNEY'S FEES AND COSTS
          v.                                     PURSUANT TO THE EQUAL ACCESS TO
14                                               JUSTICE ACT, 28 U.S.C. § 2412(d), AND 28
    COMMISSIONER OF SOCIAL SECURITY,             U.S.C. § 1920
15
                 Defendant.                      (Doc. 26)
16
                                                 Clerk of Court to Assign District Judge
17

18        Pending before the Court is the unopposed request of Plaintiff Gilliam Amos ("Plaintiff")

19  for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

20  § 2412(d).  (Doc. 26).  Plaintiff requests an award of attorney's fees in the amount of $7,315.86;

21  and $17.58 in reimbursement for costs pursuant to 28 U.S.C. § 1920. to counsel for Plaintiff,

22  Stuart T. Barasch.  *Id*.

23        On June 21, 2022, the Court entered an order on the parties' stipulation to grant voluntary

24  remand and remanded this matter to the Commissioner for further proceedings pursuant to

25  sentence four of 42 U.S.C. § 405(g).  (Doc. 19).  Judgment was entered the same day.  (Doc. 20).

26  On September 16, 2022, Plaintiff filed the pending unopposed motion for attorney fees.  (Doc.

27  25).

28        Plaintiff requests an award of attorney fees as the prevailing party.  *Id*.; *see Shalala v.*

1

*Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's request is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust."  *Id.*  To be "substantially justified," the government's litigation position and the underlying agency action must have a "reasonable basis both in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc).  A determination that an ALJ's decision "was unsupported by substantial evidence is therefore a strong indication that the 'position of the United States'…was not substantially justified."  *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).  Because "substantial evidence" is a "deferential…standard of review" and refers to "such relevant evidence as a reasonable person might accept as adequate to support a conclusion," a finding that substantial evidence is lacking usually means "the government's underlying action was not substantially justified."  *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013).  Here, the Court determined the ALJ's decision was not supported by substantial evidence.  (Doc. 24 at 12-13).  Moreover, the Commissioner opposed Plaintiff's request.  (Doc. 26).  Accordingly, Plaintiff is eligible for EAJA fees.

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable.  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990).  Plaintiff requests an award of $7,315.86.  (Doc. 25 p.1).  The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).  Even assuming Plaintiff's counsel seeks the published maximum hourly rates for 2022 ($234.95),[1] the requested award

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited February 5, 2024). The Court notes that the published maximum hourly rates for 2023 is $244.62.

would amount to approximately 31 hours of attorney time (not accounting for any paralegal time expended). The Court has reviewed the docket and finds this reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the certified administrative record in this case (over 1,500 pages) and preparing a motion for summary judgment raising three issues for review. (Docs. 11, 16). The requested reimbursement of $17.58 in expenses is comprised of costs incurred with effectuating service of process upon Defendant. (Doc. 25-1 p. 3). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 19-20).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, the undersigned hereby RECOMMENDS:

1.  Plaintiff's unopposed request for the award of attorney's fees pursuant to EAJA (Doc. 25) be GRANTED;

2.  The Commissioner be directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $7,315.86.

3.  Plaintiff be awarded $17.58 in costs under 28 U.S.C. § 1920; and

4.   Unless any offsets are applied under TOP, the government shall make payment of the fees and costs to the Olinsky Law Group, at 250 South Clinton Street, Suite 210, Syracuse, NY 13202. (Doc. 25-8 p. 2).

The Clerk of the Court is DIRECTED to assign a district judge to this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**February 5, 2024**__

UNITED STATES MAGISTRATE JUDGE